[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, Gay Ann William's complaint against Cushman and Wakefield, Inc., of Connecticut sounds in breach of an oral contract (count one), breach of the covenant of good faith and fair dealing (count two), violation of General Statutes § 31-71
(count three), and negligent misrepresentation (count four).
Specifically, the plaintiff alleges that in January of 1991, she entered into an oral employment agreement in which the defendant agreed to pay the plaintiff an annual salary of $34,000. The plaintiff worked for the defendant until November of 1994, but was only paid $27,000 per year "plus annual increase."
The defendant has filed a motion for summary judgment on all four counts. The defendant asserts four grounds for its motion: 1) That the plaintiff waived her breach of contract claim because she waited four years, after she learned that she would be paid a salary of $27,000 per year, to institute this action; 2) that acceptance of weekly paychecks equivalent to $27,000 per year constituted a modification of any agreement to a $34,000 per annum salary; 3) the plaintiff's breach of contract and violation of General Statutes § 31-71a are barred by the applicable statute of limitations; and 4) the plaintiff cannot show detrimental reliance to support her negligent misrepresentation count.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Maffucci v. Royal ParkLimited Partnership, 243 Conn. 552, 554, A.2d (1998).
The court need not address the defendant's first and second grounds because the defendant's statute of limitations argument is dispositive of the plaintiff's wage claim. The defendant argues that General Statutes § 52-596 bars the plaintiff's action. And, "[a]lthough [the plaintiff] alleges in her complaint separate counts for breach of contract and violation of [General Statutes §] 31-71a . . ., the gravamen of her claims is a CT Page 5809 claim for nonpayment of wages."
The plaintiff does not disagree that General Statutes §52-596 applies to counts one and three. Rather, the plaintiff argues that the statute did not beg, in to run until her employment ended. The plaintiff also argues that the defendant's "continuing course of conduct" tolls the limitations period.
General Statutes § 52-596 states that: "No action for the payment, of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues. . . ." The dispositive issue presented is: When does a right of action "accrue" for purposes of General Statutes §52-596?
The plaintiff cites to Burns v. Koellmer, 11 Conn. App. 375,527 A.2d 1210 (1987) as authority for the proposition that General Statutes § 52-596 does not begin to run until the employee's employment ends. This is not the holding of Burns. There, "[t]he plaintiff worked for a period of six years as the manager of [a] club, during which time the defendant remunerated her with some payments by cash and check. The plaintiff expected to be renumerated in excess of those payments, the defendant benefited from the plaintiff's service, the defendant had assured the plaintiff that she would receive additional compensation, and the plaintiff's expectation of payment ceased when her employment did." Id., 377. The Burns court held that "[t]he plaintiff's cause of action did not arise . . . until the defendant breached the agreement by refusing to fully compensate the plaintiff for her services." Id., 388-89. It just so happened that the defendant refused to compensate the plaintiff for her services at the end of her employment. Id., 389.
In the present case, there is no dispute over the fact that the last mention by any party of the allegedly deficient salary occurred sometime in 1991, nearly four years before the plaintiff terminated her employment with the defendant. The defendant provides an affidavit which indicates that, after the first two paychecks, the plaintiff accepted and cashed subsequent paychecks without ever again demanding the higher salary. The plaintiff does not rebut this claim. It may be said, therefore, that the defendant's breach, i.e. the refusal to fully compensate the plaintiff, last occurred sometime in 1991. The limitations period embodied in General Statutes § 52-596 expired, therefore, in 1993. CT Page 5810
A contrary conclusion would be logically antithetical. The court can envision an employee who remains employed with a company for thirty years after a similar salary dispute. It would be simply unfair to an employer if the court were to allow that plaintiff, thirty years after her last complaint to the employer about her salary, to bring an action for thirty years of back wages. "Whether seen as a sanction imposed on plaintiffs who sleep on their rights or as a benefit conferred upon defendants to reduce the risk and uncertainty of liability, statutes of limitation . . . serve the . . . public policy of avoiding the litigation of stale claims." Baxter v. Sturm, Ruger Co.,230 Conn. 335, 344, 644 A.2d 1297 (1994).
The plaintiff's argument that the defendant's actions constitute a "continuing course of conduct" and thereby tolls the limitations period is without merit. "The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied . . . For example, the doctrine is generally applicable under circumstances where [i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury or where the negligence consists of a series of acts or omissions and it is appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run. . . ." (Emphasis added; citation omitted; internal quotation marks omitted.) Sanborn v.Greenwald, 39 Conn. App. 289, 295-96, 664 A.2d 803, cert. denied,666 Conn. 1186 (1995). The court is unable to find, and the plaintiff does not identify, any case which applies this doctrine to contract or employment wage actions.
In the present case, the plaintiff's claim for additional wages became "stale" two years after the defendant first denied her the additional $7,000 per annum to which she claims she is entitled.[1] The motion for summary judgment on counts one and three of the complaint, therefore, is granted based on the expiration of the applicable statute of limitations.
The plaintiff's fourth count sounds in negligent misrepresentation. A cause of action for negligent misrepresentation is explained as follows: "One who, in the course of his business, negligent misrepresentation is explained as follows: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, CT Page 5811 is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 575, 657 A.2d 212 (1995).
In the present case, there exists a highly disputed fact regarding the plaintiff's claim. This fact is whether the plaintiff ever offered the defendant an annual salary of $34,000. The defendant claims that even if this fact is accepted as true, the plaintiff still cannot prove any sort of reliance on the misrepresentation. The court disagrees. The plaintiff states in her affidavit that she did not seek another position elsewhere because she was made an offer of $34,000 per annum by the defendant. This is enough to establish a genuine issue of material fact regarding whether the plaintiff justifiably relied on the defendant's alleged promise. The defendant's motion for summary judgment on count four, therefore, is denied.
The defendant also states, in its motion, that it seeks summary judgment on count two of the complaint. The defendant fails, however, to discuss anywhere in its brief why summary judgment should be granted on count two. An issue that is inadequately briefed is deemed abandoned. Commission on HumanRights and Opportunities v. Truelove Maclean, Inc., r238 Conn. 337, 344 n, 11, 680 A.2d 1261 (1996); Cummings v. Twin ToolManufacturing Co., Inc., 40 Conn. App. 36, 45, 668 A.2d 1346
(1995). The defendant's motion for summary judgment on count two, therefore, is denied.
So Ordered.
D'ANDREA, J.